Spring Term
1839.

*Fanny Cole*
vs
*The Com'th.*

</div>

---

# Fanny Cole *vs.* The Commonwealth.    INDICTMENT.

[Mr. Hanson for plaintiff: Attorney Gen. Oates for the Commonwealth.]

FROM THE CIRCUIT COURT FOR CLARKE COUNTY.

Judge EWING delivered the Opinion of the Court.

*April* 20.

AN indictment was found against Fanny Cole, a free
woman of color, for keeping a tippling house, without
obtaining a license to keep a tavern: upon the trial of
which, it was proved that she had sold a half gallon of
whiskey, which was taken off, at two several times, on
the same day, in separate parcels of a quart, at each
expressly excepted by the act of 1793 against retailing.   And a colored
store for the sale of sugar, coffee, teas and other groceries, *is a merchant* within the meaning
of the act.

The sale of spir-
itous liquors, in
quantities    not
less than a quart,
if they are made
of the produc-
tions of the sel-
lers farm, or sold
by a merchant in
his store, is not
prohibited, being
woman keeping a

Spring Term
1839.

*Fanny Cole*
vs
*The Com'th.*

time; and no part of it drunk, or purchased to be drunk, in her house, and that the purchase was made at her house in Winchester.

It was also proved by *another witness*, that at the same house, she sold sugar, coffee, teas and other groceries, and that he never knew her to retail spiritous liquors by the small.

Upon which testimony, the Court instructed the jury, at the instance of the attorney for the Commonwealth; that, "if they believed the defendant sold whiskey by the quart, or half gallon, at any time within twelve months next before the finding of the indictment, that it was evidence that she had kept a tippling house, and that they had a right to infer from it, if they thought proper, that she was guilty of the offence charged."

This instruction cannot be sustained. The statute of 1793 which inhibits the retailing of spiritous liquors, expressly exempts from its operation, "merchants," who may sell liquors in their stores, and others who may sell liquors made from the production of their own farms, provided, it be not sold to be drunk in their store or house, nor in quantities less than a quart. *Statute Law*, 1500.

A merchant is one who trafics by way of buying and selling or bartering of goods, or *any merchandize*. 5 *Comyn's Digest*, 68. She is as properly a merchant within the definition given when she deals in groceries, as when she deals in dry goods. And though the liquor was retailed at the house where she lived, it was also the house where she dealt and sold groceries, and was as properly her "store" or store house, as if she did not reside there. Being a merchant, and having sold not less then a quart, and that not drunk, or sold to be drunk, at her store—she was guilty of no wrong, and the jury had no right to infer, from the act, that she was the keeper of a tippling house, or that she fell within the inhibitions of any the statutes on this subject.

Judgment reversed, and cause remanded that. a new trial may be granted.